J. F. DUNWOODY, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 29, 1909.

1. **RAILROADS: Crossing: Negligence: Evidence: Jury Question: Switch Engine.** Plaintiff, travelling in an automobile on a public street, came to the switchyards of two roads. Before reaching the track he stopped and looked and was unable to see the defendant's engine owing to the engine on M's track. He failed to look east. It was claimed that no bell was rung on the defendant's engine. *Held,* whether he was justified in proceeding under the circumstances was a question for the jury, since it is common experience that a switch engine must ring its bell to indicate that it is starting and is continuing

to run; and in the absence of such ringing the traveller has a right to presume he may proceed in safety.

2. ———: ———: ———: ———: ———: ———: Call. *Held,* further, the fact that plaintiff may have heard the "halloo" of someone without understanding that it referred to the approach of the engine, is not sufficient to take the case from the jury and does not render him guilty of contributory negligence.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1)   It was the duty of the plaintiff in approaching the crossing in question, to use every possible precaution necessary for his own protection. Hayden v. Railroad, 124 Mo. 566; Kelsay v. Railroad, 129 Mo. 362; Hook v. Railroad, 162 Mo. 569; Schmidt v. Railroad, 191 Mo. 228; Sanguinette v. Railroad, 196 Mo. 466; Stotler v. Railroad, 204 Mo. 619.   (2)   The verdict as returned by the jury is in direct conflict with the instructions that the court gave, and whether these instructions were correct or not, it was the duty of the jury to follow them, and when it is so clearly apparent that the jury disregarded the instructions of the court and returned a verdict which was in conflict with the instructions, there was nothing left for the court to do but to set aside that verdict; and therefore, there was error not only in the jury returning the verdict for the plaintiff, but also on the part of the court in refusing to set it aside.   Savery v. Busick, 11 Iowa 487; Dutton v. Railroad, 66 Iowa 352; Newell v. Wilgus (Pa.), 11 Atl. 365; Railroad v. Furst (Kan.), 45 Pac. 128; Linburg v. Insurance (Iowa), 57 N. W. 626-630; Wehringer v. Ahlemeyer, 23 Mo. App. 281; Mast v. Pearce, 58 Iowa 579; Musser v. Maynard, 59 Iowa 111; Ryan v. Tudor, 31 Kan. 366; Railroad v. Hutchinson, 40

Kan. 51; Drew v. Insurance, 6 S. D. 335; Pleasant v. Fants, 22 Wall. 116; Way v. Railroad, 73 Iowa 463; Emerson v. Santa Clara Co., 40 Cal. 543; Miller v. Railroad, 41 Fed. 912. (3) The court also erred in amending defendant's ninth instruction. By that instruction, as it is reformed by the court, the jury were in effect told that it is not sufficient, in order to impose the duty of precaution upon the plaintiff, that he may have heard men upon the approaching engine shouting to him when he was in a place of safety and that his disregard of such warning, and that his proceeding to cross despite the same was not to be regarded as neglect on his part, unless the jury should also find from the evidence that he knew that such shouting was a warning of the approach of the engine, or by the exercise of care he might have so known.

*P. D. Decker* and *Geo. J. Grayston* for respondent.

(1) Failure to ring bell eighty rods before reaching a crossing in the city and to continue ringing is negligence *per se.* The alternative of ringing the bell or sounding the whistle does not apply to crossings in the city. Kennayde v. Railroad, 45 Mo. 255; Weller v. Railroad, 164 Mo. 180; Mitchell v. Railroad, 122 Mo. App. 50. (2) The question as to whether the bell was rung under the evidence in this case should have been submitted to the jury. Harlon v. Railroad, 104 Mo. 388. (3) The statute shifts the burden of proof to the defendant as to the cause of the injury when it appears the statutory signals are not given. Crumpley v. Railroad, 111 Mo. 157; Baker v. Railroad, 122 Mo. 533; Kenney v. Railroad, 105 Mo. 284. (4) Plaintiff bound to use only the care that an ordinary prudent person would use under the same or similar circumstances. Lang v. Railroad, 115 App. 498; Schmidt v. Railroad, 90 S. W. 136; Baker v. Railroad, 122 Mo. 544; Kenney v. Railroad, 105 Mo. 286; Elliott v. Railroad, 105 Mo. App. 532; Huckshold v. Railroad, 90 Mo. 557;

Kelly v. Railroad, 88 Mo. 548. (5) Plaintiff has a right to presume the statutory signals will be given. Petty v. Railroad, 88 Mo. 319; Kenney v. Railroad, 105 Mo. 286; Elliott v. Railroad, 105 Mo. App. 523. (6) Burden is on defendant to prove contributory negligence. Petty v. Railroad, 88 Mo. 306. (7) The court was right in modifying instruction number 9. Plaintiff was not guilty of negligence in not heeding the noise of the trainmen unless he knew or by the exercise of ordinary care could have known it was intended as a warning. Petty v. Railroad, 88 Mo. 318; Baker v. Railroad, 147 Mo. 161.

BROADDUS, P. J.—This is an action to recover damages on the ground of the alleged negligence of defendant, whereby plaintiff was injured.

The facts are as follows: On May 25, 1907, while plaintiff, who was riding in his automobile, was attempting to cross defendant's tracks on Wall street in the city of Joplin, the machine was struck by defendant's switch engine, whereby defendant was injured and his automobile damaged. At the place in question, Wall street runs north and south and crosses the switchyards of the defendant and the Missouri Pacific Railroad at Tenth street. Altogether, there are about eight of these tracks. The plaintiff was driving on Wall street south when he came to Tenth street, and stopped to let out a boy who was riding with him, but he failed to pay any particular attention to his surroundings, being familiar with the location. At that time, a Missouri Pacific passenger train was standing on the main track west of the crossing, the engine of which had been uncoupled and moved to the east side of the crossing, heading east, with the rear end of the tank in close proximity to the east line of Wall street, and leaving a space between the cars and the engine of thirty-six feet. As plaintiff approached the main track, he stopped his automobile about twenty-

three feet distant, near the center of Wall street. About the time he stopped, he heard some one halloo, but, not knowing for what purpose, proceeded across the main track in the space between the Missouri Pacific engine and cars and onto the next track when his automobile was struck by defendant's engine moving west over the crossing. The evidence tended to show that from his position, when he stopped, his view was intercepted by the Missouri Pacific engine and that he did not see it in time after he started to avoid the collision. Prior to this time, if he had looked, he could have seen the engine moving west toward the crossing. There was evidence pro and con as to whether the bell of the engine was rung. It seems that the persons on the back of the engine, which was backing at the time, saw plaintiff and hallooed to him as a warning not to start across the tracks, and plaintiff testified that he heard the shouts, but did not know and understand what was said or meant.

The judgment was for the plaintiff and defendant appealed. The right of plaintiff to recover is the principal question raised by defendant. Its position is stated thus: "It was the duty of the plaintiff in approaching the crossing in question to use every possible precaution necessary for his own protection. The law requires that he should both look and listen for the approach of trains and, if necessary, that he should have stopped; and, if he was located in any place where his view of the track was obstructed, then it was his duty to have gotten out of his automobile and gone to a place where he could have ascertained with certainty whether or not there was an engine or train approaching. If the plaintiff had exercised the care that the law required, he could not have failed to have discovered the approaching train in time to have avoided the accident. The necessary conclusion, therefore, is that either he did not use the necessary care to discover

the approach of the engine or that, having discovered it, he attempted to cross in front of it."

In Schmidt v. Railroad, 191 Mo. l. c. 229, the court states the general rule that, "The measure of precaution to be observed by a traveler often depends upon the circumstances and surroundings. The general rule is that in knowingly approaching the track of a railroad, he must use his sense of sight or hearing to ascertain if there be danger. If the view is so obstructed that he cannot see, he should carefully listen. The circumstances may not require that he both look and listen, but common prudence requires that he do either one or the other, and a failure to do so renders his act negligence in law."

It is held where the traveler could, when within twenty-five feet of the crossing, have seen a train approaching at a distance of from two hundred to four hundred and fifty feet, but, without looking, went upon the crossing and was struck, he could not recover. The court quoted from Elliott on Railroads in part as follows: "A traveler who knows that a train is due must take care to avoid it, and this knowledge imposes upon him a somewhat higher exercise of care than if he was not in possession of such knowledge. Principle requires that in such a case a person who attempts to cross the track should he held guilty of negligence as a matter of law if there was an obstruction to sight or hearing, since no one can be said to exercise ordinary care who voluntarily encounters a danger that he knows is imminent, unless the situation and conditions are such as to enable him to see that he can proceed with safety." [Sanguinette v. Railroad, 196 Mo. 466.] The case did not require the application of the rule as quoted and, therefore, it may be, strictly speaking, treated as *obiter dictum.* However, in a similar case on principle, the court holds that the question of plaintiff's contributory negligence is for the jury. [Kenney v. Railroad, 105 Mo. 270.]

And whether or not the decision referred to is to be treated as *obiter dictum,* it has no particular application to this case, as the circumstances and surroundings are materially different. The plaintiff's automobile was not struck by a train which was due at the time, as in the case quoted, and therefore no danger was to be apprehended from that cause, but was struck by a switch engine in the switchyards of two railroads in a city and at a public crossing. It is common experience that an ordinary observer cannot know when he sees a switch engine on the tracks under such conditions, when it will begin to move, or, if moving, when it will halt unless the engineer in charge rings his bell before starting and continues to ring it until the engine stops. And we believe this is the universal custom governing the movement of switch engines. And unless such rule is strictly complied with, a street crossing of the switchyards of a railroad in a city would prove a snare of the most dangerous character and would practically deprive the public of the use of the street. Therefore, a traveler approaching such a crossing has the right to presume, in the absence of the sound of a switch engine's bell, that he may proceed in safety. And whether he has exercised proper care is usually a question for the jury. But a traveler on a public street in crossing the tracks of a railroad within its switchyards may be guilty of such contributory negligence as would preclude his right to recover as a matter of law under certain circumstances and surroundings.

With these principles in view, we think there is not much difficulty in arriving at a proper determination of the controlling question in this case. The plaintiff was traveling on a public street where he had the right to go. His view of the different tracks was fairly unobstructed with the exception of the cars and engine of the Missouri Pacific Railroad. Before he reached the main track, he stopped and looked, but was unable to see the engine which struck him because it was moving

behind the Missouri Pacific engine. It is contended that, had he looked east just before he stopped, he could have seen the defendant's engine moving west in the direction of the crossing and should therefore have stopped until it passed. As it turned out, this was what he should have done. But under the circumstances, it was a question for the jury to say whether or not, in the absence of the ringing of the bell, he was justified in proceeding on the crossing.

The defendant asked the court to instruct the jury as follows: "If you find from the evidence that the men on the moving engine shouted to the plaintiff when he was far enough away to have avoided the collision, and that the plaintiff heard the shouting and stopped or checked his automobile, then afterwards proceeded towards the crossing and collided with the defendant's engine, and that such collision would not have occurred if he had remained at the place when he heard the shouting, then the plaintiff cannot recover and your verdict will be for defendant." The court refused so to instruct the jury, and rightfully. The mere fact that plaintiff heard some one shouting, unless he understood it as a warning for him not to proceed, served no useful purpose. The court modified the instruction and told the jury that, if plaintiff heard the shouting and understood its purport, he could not recover, and gave it to the jury as so modified.

These are the only questions of importance raised on the appeal. For the reasons given, the cause is affirmed. All concur.